IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **CENTRO TRASFORMAZIONE LATTE s.r.l.**, an Italian limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**GRAND FERRY CAPITAL LLC**, a New York limited liability company,<br><br>Defendant. | Case No.: _____ |

### PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff CENTRO TRASFORMAZIONE LATTE s.r.l., an Italian limited liability company; files this Complaint against Defendant GRAND FERRY CAPITAL LLC, a New York limited liability company, and alleges as follows:

### THE PARTIES

1. Plaintiff CENTRO TRASFORMAZIONE LATTE s.r.l. ("Centro") is an Italian limited liability company, with an address at Strada Statale 131, KM 40.250, 09027 Serrenti, Italy.

2. Upon information and belief, Grand Ferry Capital LLC, is a New York limited liability company and the successor-in-interest to Forever Cheese, Inc., a former New York corporation that according to the Department of State

1

website, has been merged out of existence and is now operating as Grand Ferry Capital, LLC. The officers, upon information and belief, remained and continue to operate under the tradename Forever Cheese.

3. Defendant, currently and through its predecessor Forever Cheese, Inc., conducts business in the State of Florida and specifically in the Middle District of Florida and offers for sale in the Middle District of Florida products under an infringing trademark.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because of claims arising under the Lanham Act (15 U.S.C. §§1051 *et seq*.), and pendant jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

5. This Court has in *personam* jurisdiction as to the Defendant because, upon information and belief, they are subject to both general and specific jurisdiction in this State. More particularly, upon information and belief, Defendant regularly conducts business activity in the State of Florida and sells and offers infringing goods in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)-(d). Moreover, a substantial part of the events or omissions giving rise

to the claims occurred in this judicial district, as the injury to Centro is suffered in this district.

## STATEMENT OF FACTS

7. Centro has produced some of the world's finest cheeses for more than 100 years and is known around the world for its highest quality cheeses. Centro has been awarded numerous awards and accolades, including the prestigious World Cheese Awards for 2013, 2014, 2015, 2016, 2017, 2018, 2021, and 2022, among others, for the quality of its cheeses. Centro is the owner of U.S. Trademark registration No. 3,862,616 for the mark MOLITERNO for cheese, dairy products excluding ice cream, ice milk, and frozen yogurt in International Class 29. This October 19, 2010, registration is in full force and effect and has become incontestable in the United States. A copy of the registration is attached hereto as Exhibit A.

8. Centro has long used the mark MOLITERNO in connection with its world-renowned cheeses and has acquired substantial goodwill due to its proprietary production methods, uncompromising ingredients, and unsurpassed quality.

9. Defendant, currently and through its predecessor, is offering counterfeit cheese products under the mark MOLITERNO.

10. Defendant's use of MOLITERNO trades on Plaintiff's goodwill and is

likely to cause consumer confusion. By way of example, Centro received a complaint about low quality cheese offered under the name "Moliterno." Upon investigation, it was discovered that the consumer confused Defendant's products with products exclusively offered by Centro due to the illegal use of the "Moliterno" mark.

11. Defendant's use of the "Moliterno" mark is an effort to trade upon Centro's reputation and goodwill. By associating its inferior counterfeit products with the MOLITERNO mark, Centro has suffered and will continue to suffer irreparable injury to its long-developed reputation of selling some of the world's best cheese products.

12. Centro initially discovered Defendant's efforts to trade upon Centro's goodwill by selling counterfeit products in 2017. Upon discovering that the Defendant was engaged in this deceptive, damaging, and harmful behavior, Centro notified Defendant of its rights in the mark MOLITERNO. (Exhibit B).

13. In response, Defendant acknowledged the MOLITERNO mark and advised Centro that it would remove the infringing mark from its website and advertising materials. (Exhibit C). Despite its promises otherwise, Defendant has continued to use the MOLITERNO mark with the specific intent to trade upon the goodwill of Centro, knowing and acknowledging that any such use was illegal.

## COUNT I
## Infringement of Registered Trademarks under 15 U.S.C. §1114

14. This Count is an action by Centro against the Defendant for infringement of Centro's registered trademark.

15. Centro herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 13 above.

16. By virtue of its long-term use and promotion, Centro established valuable goodwill in its MOLITERNO mark, well-prior to the Defendant's use of the same name.

17. The Defendant's use of the MOLITERNO mark is confusingly similar to Centro's MOLITERNO mark.

18. The Defendant engaged in the sale of goods and provides a website featuring the use of the MOLITERNO mark in a manner that is confusingly similar to Centro's MOLITERNO mark.

19. The Defendant's adoption and use of the MOLITERNO mark is likely to and has in fact deceived, confused, and mislead purchasers and prospective purchasers into believing that the Defendant's products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Centro.

20. Centro has suffered injury by reason of the Defendant's infringing activities, and Centro is likely to suffer irreparable harm unless the Defendant's infringing activities are permanently enjoined.

21. Upon information and belief, the Defendant's conduct as outlined herein was in willful disregard for Centro's rights so as to justify an award of exemplary damages and attorneys' fees under 15 U.S.C. §1117.

22. Defendant's activities in adopting and/or continuing to use the MOLITERNO mark after notification by Centro is malicious, fraudulent, deliberate, and willful.

23. Centro has been damaged by Defendant's infringing uses as described above.

24. Unless enjoined by the Court, Defendant's infringing activities will continue to cause harm to Centro.

## COUNT II
## Common Law Trademark Infringement

25. This Count is an action by Centro against Defendant for monetary damages and injunctive relief for Defendant's aforesaid acts of common law trademark infringement.

26. Centro herein restates and reincorporates into this Court the allegations of Paragraphs 1 through 13 above.

27. By virtue of its long-term use and promotion, Centro has established valuable goodwill in its MOLITERNO mark, well-prior to the Defendant's use of the same name.

28. The Defendant's use of the MOLITERNO mark is confusingly similar

to Centro's use of the MOLITERNO mark.

29. The Defendant engaged in the sale of goods and and provides a website featuring the use of the MOLITERNO mark in a manner that is confusingly similar to Centro's MOLITERNO mark.

30. The Defendant's adoption and use of the MOLITERNO mark is likely to and has in fact deceived, confused, and mislead purchasers and prospective purchasers into believing that the Defendant's products emanate from, are authorized by, and/or are in some manner affiliated with or endorsed by Centro.

31. Centro has suffered injury by reason of the Defendant's infringing activities, and Centro is likely to suffer irreparable harm unless the Defendant's infringing activities are permanently enjoined.

32. Upon information and belief, the Defendant's conduct as outlined herein was in willful disregard for Plaintiff's rights so as to justify an award of exemplary damages and attorney's fees.

33. Defendant's activities in adopting and/or continuing to use the MOLITERNO mark after notification by Centro was malicious, fraudulent, deliberate and willful.

34. Centro has been damaged by Defendant's infringing uses as described above.

35. Unless enjoined by the Court, Defendant's infringing activities will

continue to cause harm to Centro.

## COUNT III
## Unfair Competition under 15 U.S.C. §1125(a)

36. This Count is an action by Centro against Defendant for monetary damages and injunctive relief for Defendant's aforesaid acts of unfair competition in violation of 15 U.S.C. § 1125(a).

37. Centro herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 13 above.

38. The Defendant's aforesaid activities constitute unfair competition in violation of 15 U.S.C. §1125(a).

39. Centro has suffered monetary damages as a result of the Defendant's actions and is entitled to a disgorgement of Defendant's profits.

40. Centro has no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Centro irreparable harm that cannot be fully compensated by monetary damages.

41. The reputational damage suffered by Centro is not easily or fully compensated by monetary damages. Centro is entitled to injunctive relief against the Defendant's unfair activities.

42. Centro is entitled to injunctive relief against the Defendant, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs, and attorneys' fees.

## COUNT IV
## Unfair Competition Under Florida Common Law

43. This Count is an action by Centro against Defendant for monetary damages and injunctive relief for Defendant's aforesaid acts of unfair competition in violation of Florida common law.

44. Centro herein restates and reincorporates into this Count the allegations of Paragraphs 1 through 13 above.

45. The Defendant's aforesaid activities constitute unfair competition in violation of Florida common law.

46. Centro has suffered monetary damages as a result of the Defendant's actions and is entitled to a disgorgement of Defendant's profits.

47. Centro has no adequate remedy at law, as these acts of unfair competition have caused, and unless enjoined, will continue to cause Centro irreparable harm that cannot be fully compensated by monetary damages.

48. The reputational damage suffered by Centro is not easily or fully compensated by monetary damages. Centro is entitled to injunctive relief against the Defendant's unfair activities.

49. Centro is entitled to injunctive relief against the Defendant, as well as all other monetary remedies available, including but not limited to compensatory damages, enhanced damages, disgorgement of profits, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

Wherefore, Centro prays that this Court enter such preliminary and final orders and judgments as are necessary to provide Centro with the following requested relief:

A. That the Defendant, and all its respective agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, and/or under authority from the Defendant, or in concert or participation with the Defendant, be enjoined preliminarily and permanently by this Court, from:

   1. using any trademark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or is confusingly similar in any way, to Centro's mark;

   2. using any trademark, name, logo, domain name, social media name, design and/or source designation of any kind in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are sponsored or authorized by Centro; and

   3. passing off, palming off, or assisting in the passing off or palming off of Defendant's goods or services as those of Centro, or otherwise continuing any and all such acts of unfair competition as alleged in this action;

B. That Centro be awarded all damages caused by the acts forming the basis of this action;

C. That Centro be awarded compensation for corrective advertising for

the damage to Plaintiff's goodwill;

D.    That Defendant be required to pay to Centro the costs of this action and Plaintiff's reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

E.    That based on Defendant's willful and deliberate infringement of the MOLITERNO mark and the other acts of unfair competition and alleged harm, and to deter such conduct in the future, Centro be awarded punitive damages;

F.    That Defendant be required to pay prejudgment interest on all damages and profits awards; and

G.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUEST

Centro requests a trial by jury as to all matters so triable.

Respectfully submitted this January 11, 2023.

> */s/ Brian R. Gilchrist*
> Brian R. Gilchrist, FL Bar #774065
> bgilchrist@allendyer.com
> Lead Trial Counsel
> Trevor F. Ward, FL Bar #1031171
> tward@allendyer.com
> Allen, Dyer, Doppelt + Gilchrist, P.A.
> 255 South Orange Avenue, Suite 1401
> Post Office Box 3791
> Orlando, Florida 32802-3791
> Telephone:  407-841-2330
> Facsimile:   407-841-2343
> **Attorneys for Plaintiff**